UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL WINSTON, II,

    PLAINTIFF,

v.

BAYMARK HEALTH SERVICES, INC.,

    DEFENDANT.

Case No.:   3:21-cv-224

*__JURY DEMANDED__*

## COMPLAINT

Plaintiff Michael Winston, II ("Plaintiff") files this Complaint and alleges as follows based on personal knowledge and investigation of counsel:

### INTRODUCTION

1.      Plaintiff brings this action against BayMark Health Services, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.      Congress created heightened standards regulating the use of consumer reports for employment purposes.  15 U.S.C. § 1681b(b)(3).

3.      Under the FCRA, a person using a consumer report for employment purposes who intends to take any adverse employment action based in whole or in part on the report must provide the consumer with a "copy of the report" and a written description of the consumer's rights under the FCRA, before taking such adverse action. *Id.*

4.      As the Federal Trade Commission has made clear, "a copy of the *complete* report must be made available." Federal Trade Commission Advisory Opinion to Willner, dated March 25, 1999 (emphasis added). "Information cannot be redacted in those instances in which the FCRA

requires that the consumer be provided a copy of a consumer report." Federal Trade Commission Advisory Opinion to Vail, April 5, 1999.

5.     This is one of the most fundamental protections afforded to employees under the FCRA. The purpose of this requirement is to allow prospective and current employees to know the complete personal information that is being reported about them, and to allow them an opportunity to clear up any inaccuracies or misstatements in the report and to address any misunderstandings the report may have created for the employer before the employer receives a supposedly "verified" report from a third-party agency. For this reason, the FCRA is designed to provide employees/applicants with ample time to identify inaccuracies or misunderstandings in their consumer reports and correct or explain them before the employer has made an employment decision.

6.     When an employer fails to comply with Section 1681b(b)(3), it causes a consumer to suffer a particularized and concrete injury in that they are deprived of their right to information before being denied employment. *See O'Donnell v. RCO Legal, P.S., Inc.*, No. 1:17-CV-02072-ELR, 2018 WL 1871946, at *4 (N.D. Ga. Mar. 22, 2018) (finding that plaintiff has Article III standing in Section 1681b(b)(3) case where defendant deprived plaintiff of her right to information before rescinding offer, even where information in consumer report is accurate).

7.     Defendant BayMark Health Services, Inc. violated the FCRA by taking an adverse employment action against Plaintiff based on undisclosed consumer report information, without first providing Plaintiff the pre-adverse action notice required by the FCRA.

8.     Defendant's failure leaves the person who is the subject of the report without any meaningful opportunity to review the complete information that is being reported about them and to correct any errors on the report.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction over Plaintiff's FCRA claims arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) as Defendant regularly conduct business in this district and division and a substantial part of the events giving rise to the claims occurred in this judicial district and division.

## PARTIES

11.     Plaintiff is a natural person and is an adult individual resident of this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

12.    Defendant BayMark Health Services, Inc. ("Defendant" or "BayMark") is a Delaware corporation that regularly solicits and does business in in this judicial district with its principal place of business located at 1720 Lakepoint Drive, Suite 117, Lewisville, Texas 75075. Defendant ordered a consumer report on Plaintiff in connection with determining his eligibility for employment.  Accordingly, Defendant was a "user" of Plaintiff's consumer report as that term is used in the FCRA at all relevant times.

## FACTUAL ALLEGATIONS

13.    On January 26, 2019, Plaintiff applied for a full-time position with Defendant.

14.    On January 31, 2019, Defendant e-mailed Plaintiff that he was scheduled for an interview with Vin Crispino ("Crispino") on February 6, 2019.

15.    The interview with Plaintiff went well, and Defendant offered Plaintiff employment as an Information Technology Systems Administrator.

16.    On February 12, 2019, Plaintiff accepted Defendant's offer of employment.

17.     Defendant's offer of employment was purportedly contingent upon the results of a background check.

18.     On February 20, 2019, BayMark received a consumer report ("background report") in order to determine Plaintiff's eligibility for employment.

19.     On February 20, 2019, Plaintiff's potential supervisor, Crispino, informed Plaintiff that he had a felony on his background report and the felony conviction made him ineligible for employment with BayMark.

20.     On February 21, 2019, BayMark generated a pre-adverse action letter.  The pre-adverse action letter was a sham because BayMark had already taken adverse action against Plaintiff.

21.     On February 22, 2019, Defendant's Human Resources Coordinator, Wendy McMinn, e-mailed Plaintiff and told him:

> As you know, your offer letter stated that your employment was contingent upon successful background and drug screen completion.
>
> Based on these results we will not be moving forward with your employment.
>
> Please let me know if you have any questions.
>
> Thank you,
>
> Wendy McMinn
> HR Coordinator
> 1720 Lakepointe | Suite 117 | Lewisville, TX 75057
> O: 214.379.3317 | F: 214.550.2653

22.     The background report obtained by Defendant pertaining to Plaintiff was for prospective employment purposes.

23.     Defendant did not employ Plaintiff at the time it ordered a background report pertaining to Plaintiff.

4

24.     The background report obtained by Defendant was not an investigative report, thus, exempt from the FCRA.

25.     At no time, and upon information and belief, did Defendant notify any consumer reporting agency that the information requested was for a special investigation or an investigation of employee misconduct.

26.     Defendant did not provide Plaintiff with a copy of his consumer report before rescinding the job offer or otherwise taking adverse action against Plaintiff.

27.     Defendant did not provide Plaintiff with a description, in writing, of his rights under the FCRA before rescinding the job offer or taking adverse action against Plaintiff, or both.

28.     As a result of Defendant's conduct, Plaintiff suffered damages as described below.

29.     At all times relevant hereto, the Defendant's conduct as well of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for Plaintiff's FCRA rights.

## COUNT ONE – VIOLATION OF THE FCRA
## (15 U.S.C. § 1681b(b)(3))

30.     Plaintiff realleges the above-numbered paragraphs as if fully set forth herein.

31.     Defendant used a consumer report to take an adverse employment action against Plaintiff.

32.     Defendant violated Section 1681b(b)(3)(A) by failing to provide Plaintiff with a copy of the consumer report and a description of his rights under the FCRA before taking an adverse employment action against Plaintiff that was based, even in part, on the consumer report.

33.     This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance.  (Ex. A - Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section

604(b), Section 605, and Section 607 of the FCRA) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action.  Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information….")

34.    Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.  *See Reardon v. Closetmaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) (certifying class against company for employment applicants who did not receive pre-adverse action notice); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (class settlement for violation of Section 1681b(b)(3)(A)); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880 (S.D. Oh. May 24, 2013) (class settlement for pre-adverse action class); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012) ("The 'clear purpose' of this section is to afford employees time to 'discuss reports with employers or otherwise respond before adverse action is taken.") (internal quotations omitted); *Beverly v. Wal-Mart Stores, Inc.*, CIV. A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) ("Simultaneous provision of a consumer report with a notice of adverse action fails to satisfy § 1681b(b)(3)(A) requirement. Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report."); *Williams v. Telespectrum*, Civ. No. 3:05cv853 (E.D. Va. 2006)

("An employer must provide a copy of the report with "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report.").

35.    Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

36.    Defendant violation of 15 U.S.C. § 1681b(b)(3)(A) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37.    As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, lost employment opportunity, damage to reputation, invasion of privacy, interference with normal activities, embarrassment, humiliation and other emotional and mental distress.

## JURY DEMAND

38.    Plaintiff demands a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

Count One

     (a)    Actual damages;

     (b)    Statutory damages;

     (c)    Punitive damages;

     (d)    Costs and reasonable attorney's fees; and

     (e)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins

TX BAR NO. 24088777
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T:   (615) 370.9659
F:   (205) 208.9632
E:   MicahAdkins@ItsYourCreditReport.com
*COUNSEL FOR PLAINTIFF*
*MICHAEL WINSTON, II*